1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    JOHN RODGERS,

8                   Plaintiff,                    Case No.  15-cv-3447-PJH

9          v.
                                                  **ORDER RE BANKRUPTCY STAY;**
10   ROIC PINOLE VISTA, LLC, et al.,              **ORDER VACATING ENTRY OF**
                                                  **DEFAULT; ORDER TERMINATING**
11                  Defendants.                   **ADMINISTRATIVE MOTION**

12

13         Plaintiff John Rodgers filed the above-entitled action alleging disability access

14   violations on July 27, 2015, against nine named defendants and 30 DOE defendants.

15   Default was entered against one named defendant, and four of the remaining named

16   defendants were subsequently dismissed from the case, the most recent of the four

17   orders of dismissal having been filed on January 5, 2016.  The case was reassigned to

18   the undersigned District Judge on August 15, 2016.  The court now ORDERS as follows:

19         1.     Defendant Hometown Buffet, Inc., ("Hometown Buffet") filed a notice of

20   bankruptcy and stay of proceedings under 11 U.S.C. § 362(a) on March 8, 2016,

21   indicating that it filed a petition in bankruptcy on March 7, 2016.  See In re Buffets, LLC,

22   Case No. 16-50557 (W.D. Tex. Bkrptcy).  The court finds that an automatic stay is and

23   has been in effect since that date as to Hometown Buffet.

24         In the absence of special circumstances, stays pursuant to § 362(a) are limited to

25   debtors and do not include claims against non-bankrupt co-defendants.  See Ingersoll-

26   Rand Fin. Corp. v. Miller Mining Co., 817 F.2d 1424, 1427 (9th Cir. 1987).  The complaint

27   in this action alleges that each of the 30 DOE defendants is liable under numerous

28   agency theories for the acts and omissions of "each of the other [d]efendants."  See Cplt

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

¶ 15.  Accordingly, the court finds that the stay must be extended to the co-defendants, because the entire "action or proceeding" affects defendant Hometown Buffet as well as every other defendant.  Plaintiff cannot continue litigating this action against any defendant other than Hometown Buffet because to do so would affect Hometown Buffet and its creditors.

Accordingly, as there appears no further reason to maintain the file as an open one for statistical purposes, it is hereby ORDERED that the Clerk of the Court shall submit a JS-6 form to the Administrative Office.  This ruling shall not be considered a dismissal or disposition of this action and should further proceedings become necessary or desirable, any party may initiate such proceedings in the same manner as if this order had not been entered.

2.       As to the default that was entered by the Clerk on October 28, 2015, against unrepresented defendant Satinder Pahwa (sued as "Satindef Pahwa" d/b/a Subway Sandwiches and Salads), the court finds that the letter from Ms. Pahwa, which was filed on December 9, 2015, should be liberally construed as a motion to set aside the default for lack of proper service.  The court has broad discretion to overturn an entry of default.  Mendoza v. Wight Vineyard Mgmt, 783 F.2d 941, 945-46 (9th Cir. 1986).

Discretion to overturn entry of default is "more liberally applied" where a defendant seeks to set aside an entry of default pursuant to Rule 55(c) rather than a default judgment pursuant to Rule 60(b).  U.S. v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 n.1 (9th Cir. 2010).  Moreover, the rules governing motions to set aside defaults "are solicitous towards movants, especially those whose actions leading to the default were taken without the benefit of legal representation."  Id. at 1089.

The court may set aside a default "[f]or good cause."  Fed. R. Civ. P. 55(c).  To determine "good cause" under Rule 55(c) the court considers whether the party seeking to set aside the default engaged in culpable conduct that led to the default; whether the defaulting party had no meritorious defense; and whether reopening the defaulted claim would prejudice the other party.  Signed Pers. Check, 615 F.3d at 1091.

2

1    Here the proof of service shows service on August 24, 2015, on a "Nancy Pahwa,

2  (business) a person at least 18 years of age apparently in charge of the office of usual

3  place of business of the persons served."  Ms. Pahwa states in her December 9, 2015,

4  letter that she was in India when the summons and complaint were purportedly served on

5  August 24, 2015, and that she did not re-enter the United States until November 25,

6  2015.  She also states that she did not receive "any letter or any notice from the court"

7  except a copy of the clerk's notice of entry of default, dated October 28, 2015.  She

8  requests that the court send her "detail of this case and what is my role in this."

9    Based on the above, the court finds no indication that Ms. Sahwa engaged in

10  culpable conduct that led to the entry of default.  It is unclear whether Ms. Sahwa has a

11  meritorious defense, but given the bankruptcy stay, it does not appear that reopening the

12  defaulted claim will prejudice plaintiff.  Accordingly, the entry default against Ms. Pahwa

13  is hereby VACATED.

14    3.    The court TERMINATES plaintiff's administrative motion to continue the

15  deadline for filing the notice of need for mediation under General Order 56.  Plaintiff filed

16  the administrative motion on August 2, 2016.  As noted above, a stay has been in effect

17  since the filing of the notice of bankruptcy filing by defendant Hometown Buffet on March

18  8, 2016.

19    Defendant Hometown Buffet shall notify the court immediately upon resolution of

20  the action in the Bankruptcy Court.

21

22  **IT IS SO ORDERED.**

23  Dated:  August 26, 2016

24  _____
     PHYLLIS J. HAMILTON
25   United States District Judge

26

27

28